IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AHKIL NASIR CRUMPTON | CASE NO.: 3:22-CR-00012-TES-CHW-1 |

## MOTION TO QUASH SEARCH WARRANT

**COMES NOW** the Defendant, Ahkil Nasir Crumpton, by and through undersigned counsel and files this Motion to Quash the subpoena sought and obtained by the government authorizing the collection of a DNA sample from Mr. Crumpton. In support thereof, Mr. Crumpton, states as follows:

### BACKGROUND

On May 10, 2022, the United States Government filed a motion charging Mr. Crumpton in Count I Interference with Commerce by Attempted Robbery in violation of 18 U.S.C § 1951, Count II Use and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C § 924 (c)(1)(A), Count III Murder with a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(j)(1) and in Count IV False Statement During the Purchase of a Firearm, along with Co-Defendant James Armstrong, in violation of 18 U.S.C. § 922(a)(6), 924(a)(2) and section 2. Mr. Crumpton was appointed counsel, pleaded Not Guilty and the parties moved into the discovery and pretrial litigation process.

On or about June 21, 2022, the government sought and obtained a search warrant directing Mr. Crumpton to provide a DNA Sample. On or about June 29, 2022, Mr. Crumpton provided that DNA sample pursuant to the execution of that search warrant. According to the

affidavit in support of that search warrant application, that DNA sample was properly obtained and scientifically valid, as it was used to make a comparison with DNA found on what the government apparently believes is a relevant piece of evidence and allegedly those two DNA samples matched. *(See sealed 3:21-mj-10)*

On May 15, 2023, the government sought and obtained a second search warrant seeking an additional DNA sample. *(See sealed 3:21-mj-10)* The affidavit in support of this second search warrant is identical to the affidavit in support of the first search warrant application in all aspects but one.  It notes that DNA has been located on additional items of interest, despite the fact that those items have been in government possession since prior to the June 21, 2022, search warrant application.  The affidavit gives no indication as to why those items were not tested for DNA.  Next, it recognizes that a DNA sample was obtained via the first search warrant, and successfully used in a comparison. Finally, it simply states that the expert asked to make a comparison to these additional items claims to need an additional DNA sample from Mr. Crumpton in order to do the analysis.  The affidavit gives no explanation as to why the initial DNA sample provided by Mr. Crumpton is insufficient and an additional sample is needed.

This second request for a subpoena was granted and authorizes execution up to and including May 29, 2023.

Mr. Crumpton now objects to the issuance of this search warrant, as it is duplicative and any showing of necessity to date is insufficient to overcome Mr. Crumpton's right to privacy as to his own body. Pursuant to Federal Rule of Criminal Procedure 17(c)(2), under which a court "may quash or modify the subpoena if compliance would be unreasonable or oppressive" he herein so moves the court.

**ARGUMENT**

It is undisputed that the forced collection of DNA from a criminal defendant constitutes a search within the meaning of the Fourth Amendment. *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 616–17, 109 S.Ct. 1402, 1412–13, 103 L.Ed.2d 639 (1989) (taking urine sample implicates Fourth Amendment, even though taking urine sample is less invasive of the body than drawing blood; analysis of a urine sample, like that of blood, "can reveal a host of private medical facts," and the actual act of taking the sample implicates privacy interests); *Cupp v. Murphy*, 412 U.S. 291, 295, 93 S.Ct. 2000, 2003, 36 L.Ed.2d 900 (1973) (inquiry that goes "beyond mere physical characteristics ... constantly exposed to the public" constitutes a search). see also *Schmerber v. California,* 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) (finding that the compulsory drawing of blood was a search and seizure under the Fourth Amendment).

Although the method involved here, obtaining a buccal cell cheek swab by scraping the inside of Mr. Crumpton's cheek is arguably less invasive than a blood draw or obtaining a tissue sample, the method still requires a bodily intrusion where an individual has an "expectation[ ] of privacy." See *Winston v. Lee*, 470 U.S. 753, 758, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985). As such, Mr. Crumpton maintains his right to bodily privacy within the meaning of the Fourth Amendment. The Eleventh Circuit has previously recognized, an individual's DNA reveals extensive private medical information, and the act of reaching into the subject's mouth to conduct the swab, although not a surgical invasion, is still an invasion into the body. See *Padgett v. Donald*, 401 F.3d 1273, 1277 (11th Cir.2005)

Because the forced scraping of Mr. Crumpton's cheek is invasive within the meaning of the Fourth Amendment, the action cannot be easily dismissed as harmless.  In this case, the government sought and obtained authorization to conduct an invasive search earlier in this case,

and Mr. Crumpton complied. They now come back to the court seeking an additional invasive search with insufficient justification. The affidavit in support of this second application for the search warrant is woefully inadequate in explaining why the first DNA sample is insufficient to conduct this second test. Mr. Crumpton's personal autonomy remains just as important as ever, and a second and subsequent invasion of the personal autonomy should naturally require additional justification beyond that needed to satisfy an initial application for such a search. The government has failed to provide such in this case.

## CONCLUSION

Because the government has failed to meet its burden in showing sufficient need for a second and subsequent invasion of Mr. Crumpton's personal autonomy when it already has a usable DNA sample from Mr. Crumpton, and thus the execution of the subpoena would be "unreasonable or oppressive", pursuant to Federal Rule of Criminal Procedure 17(c)(2), Mr. Crumpton herein requests this court grant the motion and issue an order quashing the subpoena.

Respectfully submitted, this 19th day of May, 2023.

/s/ Timothy R. Saviello
Timothy R. Saviello
Ga. Bar No. 627820
Assistant Federal Defender
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, Georgia 31201
Email: tim_saviello@fd.org

/s/**Chauntilia K. Adaway**
Chauntilia K. Adaway
Ga. Bar No. 871398
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: Chauntilia_adaway@fd.org

## **CERTIFICATE OF SERVICE**

I, Timothy R. Saviello, hereby certify that, I electronically filed the foregoing motion with the clerk of Court using the CM/ECF system, which will send notification of such to all counsel of record.

**/s/ Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Assistant Federal Defender
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, Georgia 31201
Email: tim_saviello@fd.org