# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| vs. | : CRIMINAL NO. 3:22-CR-12 |
| AHKIL NASIR CRUMPTON, | : |
| Defendant. | : |

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SEARCH WARRANT

The United States of America ("the Government"), through undersigned counsel, hereby responds to the Motion to Quash Search Warrant [Doc. 68] filed in the above-styled case by Defendant Ahkil Nasir Crumpton (hereinafter "Defendant"). Defendant's motion to quash is meritless and should be denied.

## FACTUAL BACKGROUND

On March 19, 2021, at 1:40 a.m., the Oconee County Sheriff's Office (OCSO) was dispatched to the RaceTrac gasoline station and convenience store, located in Watkinsville, Georgia in reference to a person being shot. Upon arrival, OCSO deputies discovered RaceTrac employee, Elijah Wood, dead on the floor behind the counter with a single gunshot wound to the chest.

During an exhaustive investigation, law enforcement amassed overwhelming evidence showing that Defendant committed the murder of Elijah Wood on March 19, 2021, in Watkinsville, GA. Additionally, the investigation revealed that Defendant was responsible for a

July 17, 2021, homicide in Philadelphia, PA in which Anthony Jones was shot and killed.[1] A Glock, Model: 19, 9mm pistol was found in Defendant's bedroom during the execution of a federal search warrant on March 16, 2022.  Ballistics analysis conclusively found that the Glock, Model: 19, 9mm pistol was used to shoot Elijah Wood and Anthony Jones.  Following his arrest on March 16, 2022, Defendant was interviewed by agents and denied being present at both shootings.

On June 21, 2022, the Government obtained a search warrant authorized by U.S. Magistrate Judge Charles H. Weigle for Defendant's DNA.  However, when agents went to the Butts County Jail to execute the search warrant, Defendant refused to allow them to swab his cheeks for DNA.  In fact, Defendant was so hostile that agents determined that physical force would be required to execute the warrant.  At that point, undersigned counsel for the Government was notified and spoke with Defendant's attorney at the time, Tina Hunt, and asked her to assist in the matter.  Mrs. Hunt went to the Butts County Jail and convinced her client to provide a sample of his DNA.  Defendant's DNA was sent to the FBI's laboratory in Quantico, VA for analysis.  FBI Forensic DNA Examiner Marcy Plaza found that Defendant's DNA was present on the Glock, Model: 19, 9mm pistol recovered from his bedroom.

On May 1, 2023, FBI Agent Hipkiss learned from a Philadelphia Police Department (PPD) detective that an important item of evidence in the Anthony Jones homicide investigation contained DNA of an unknown male.  On July 17, 2021, Defendant had a Glock 43 pistol in his waistband and a BMW key fob in his hand as he stood outside a bar in Philadelphia.  Anthony Jones approached Defendant and took at gunpoint the Glock 43 pistol from Defendant's

---

[1] A detailed summary of much of the evidence that the Government intends to admit at Defendant's trial is contained in the 28-page Memorandum of Facts in Support of Government's Motion for Detention [Doc. 31] filed on June 8, 2022.

waistband and the BMW key fob from his hand.  As Anthony Jones fled from Defendant carrying the Glock 43 and the BMW key fob, Defendant pulled his Glock, Model: 19, 9mm pistol and fired thirteen times, striking Jones in the back of the head.  When PPD officers arrived, they located the Glock 43 pistol and BMW key fob next to Anthony Jones' body.

Since Defendant denied in his post-arrest interview being present at the scene where Anthony Jones was shot, if his DNA profile is found to match the DNA of the unknown male found on the Glock 43 pistol and the BMW key fob found next to Jones' body then that evidence would be highly probative at trial.  As a result, FBI Special Agent Hipkiss contacted FBI Forensic DNA Examiner Marcy Plaza and had her send Defendant's DNA profile to the PPD's Office of Forensic Science Lab so that Defendant's DNA profile could be compared to that of the unknown male found on the Glock 43 pistol and the BMW key fob.  Shortly thereafter, FBI Agent Hipkiss was informed that the PPD's Office of Forensic Science Lab needed a new DNA profile obtained from Defendant to compare to the unknown male's DNA.

Not wanting to go through the laborious process of trying to peacefully obtain Defendant's DNA a second time, undersigned counsel for the Government contacted Ryan Gallagher, Assistant Director for the PPD's Office of Forensic Science Lab, and asked if there was any way possible to simply use Defendant's DNA profile sent from the FBI laboratory, rather than obtaining a new buccal swab.  Mr. Gallagher reiterated what he previously told Agent Hipkiss, that a new DNA sample (buccal swab) was necessary for his laboratory to conduct the testing.  As a result, on May 15, 2023, the Government obtained a search warrant from U.S. Magistrate Judge Charles H. Weigle authorizing the collection of Defendant's DNA.[2]  The

---

[2] In issuing the search warrant for Defendant's DNA on May 15, 2023, Judge Weigle was well-aware that Defendant's DNA had previously been collected pursuant to a search warrant that he signed on June 21, 2022.

search warrant, application, and Agent Hipkiss' affidavit are attached hereto as **Government's Exhibits 1-3**.

As a professional courtesy, the Government sent copies of the search warrant and supporting documents to Defendant's counsel. Additionally, the Government requested the same assistance previously provided by Tina Hunt in executing the search warrant for Defendant's DNA. On May 16, 2023, at 5:27 PM, Defendant's counsel sent a response email stating that he and his co-counsel would be present for the execution of the search warrant. The Government then asked Defendant's counsel if they were available on Monday, May 22, 2023, to meet at the Butts County Jail for the execution of the search warrant. Defendant's lead attorney, Tim Saviello, responded by email that he was available. As late as the afternoon on May 18, 2023, Mr. Saviello represented to Government's counsel, when they were in court together for a different case, that he would be present at the Butts County Jail to assist in the collection of Defendant's DNA. It was not until three minutes before Defendant's Motion to Quash Search Warrant [Doc. 68] was filed at 5:03 PM on Friday, May 19, 2023, that the Government was informed by email that defense counsel was not going to be of assistance and was seeking to quash the search warrant.

## ARGUMENT

A motion to quash is not an appropriate vehicle to challenge a search warrant. The Government is unaware of a Federal Rule of Criminal or Civil Procedure, a statute, or any case law authorizing the subject of an unexecuted search warrant to move to quash the warrant. Rather, Rule 41 of the Federal Rules of Criminal Procedure specifies that a motion to suppress, pursuant to Rule 12 of the Federal Rules of Criminal Procedure, is the appropriate mechanism to challenge a search warrant. Fed. R. Crim. P. 41(h) specifically provides that a party may move to

suppress evidence illegally seized from them. Fed. R. Crim. P. 41(h) does not authorize challenges to search warrants prior to execution. Simply stated, suppression of evidence is the available remedy that the law recognizes in challenging a search warrant and a pre-execution remedy does not exist.

Defendant's motion does not cite to *any* legal authority supporting his position that this Court can grant the novel remedy of enjoining the Government from executing a lawfully obtained search warrant for his DNA. Defendant's motion recklessly cites inapplicable authority, Fed. R. Crim. P. 17(c)(2), which addresses the quashing of subpoenas, not search warrants. Comparing a subpoena to a search warrant is like comparing apples to oranges. A duly authorized search warrant, unlike a subpoena, has already withstood judicial scrutiny. The relief Defendant's counsel is requesting would invite future litigants to defy lawfully issued search warrants rather than seeking the suppression remedy afforded to them under Fed. R. Crim. P. 41.

Conspicuously, Defendant fails to cite to cases in which this very issue has been addressed, such as *United States v. Richards*, 2020 WL 5893974 (D. Utah 2020). There, Defendant Lateesha Richards' attorney was notified by a federal prosecutor that a search warrant had been obtained to seize physical items of evidence. Richards' attorney moved to quash the search warrant prior to its execution. In rejecting Defendant Richards' argument that it should halt the execution of the warrant, the district court stated:

> In this case, Ms. Richards has had the benefit of having a magistrate judge review and approve the United States' search warrant ex ante. Later, if evidence is improperly obtained from her, she then may seek, ex post, suppression of that evidence. Ms. Richards' attempt to quash the subpoena is premature. Courts generally review challenges to search warrants either in a motion to suppress

> during a criminal case or in an after-the-fact civil rights lawsuit, not in a pre-execution motion to quash. *Id*.

The district court in *Richards* cited *Warshak v. United States*, 532 F.3d 521 (6th Cir. 2008), in support of its holding that the law does not recognize premature challenges to search warrants. In *Warshak*, the Sixth Circuit rejected the attempt by the plaintiff, Steven Warshak, to prevent the government from conducting future searches of his email accounts. In finding that the issue of whether the government should be enjoined from conducting future searches was not ripe for adjudication, the Sixth Circuit reasoned that a "reviewing court looks at a claim in the context of an actual, not a hypothetical, search and in the context of a developed factual record of the reasons for and the nature of the search. A pre-enforcement challenge to future e-mail searches, by contrast, provides no such factual context. The Fourth Amendment is designed to account for an unpredictable and limitless range of factual circumstances, and accordingly it generally should be applied after those circumstances unfold, *not before*." Id. at 528 (emphasis added).

## CONCLUSION

By filing an unsupported motion to quash a search warrant less than one week before the expiration of the warrant, after previously representing that he would assist in the orderly collection of his client's DNA, Defendant's counsel has participated in nothing more than legal gamesmanship. Since Defendant has filed a baseless and premature motion which has no effect on the existence of a previously issued lawful warrant, the Government intends to execute the warrant on May 22, 2023. Thereafter, Defendant may avail himself of a motion to suppress as Fed. R. Crim. P. 41 contemplates should he see fit.

Respectfully submitted, this 20th day of May, 2023.

                                  PETER D. LEARY
                                  UNITED STATES ATTORNEY

                                  *s/ Michael D. Morrison*
                                  MICHAEL D. MORRISON
                                  Assistant United States Attorney
                                  Georgia Bar Number 153001
                                  United States Attorney's Office
                                  Middle District of Georgia
                                  Post Office Box 1702
                                  Macon, Georgia 31202-1702
                                  Telephone: (478) 752-3511
                                  Fax: (478) 621-2655

                                  *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing United States' Response in Opposition to Defendant's Motion to Quash Search Warrant utilizing the Court's CM/ECF program, which will cause electronic notice to all parties.

Respectfully submitted, this 20th day of May, 2023.

        PETER D. LEARY
        UNITED STATES ATTORNEY

        */s/ Michael D. Morrison*
        MICHAEL D. MORRISON
        Assistant United States Attorney
        Georgia Bar Number 153001
        United States Attorney's Office
        Middle District of Georgia
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        Fax: (478) 621-2655

        *Attorneys for the United States of America*