## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CASE NO.: 3:22-CR-00012-CAR-CHW-1** |
| **AHKIL NASIR CRUMPTON** | |

## MOTION TO DISMISS COUNTS II and III

**COMES NOW** the Defendant, Ahkil Nasir Crumpton, by and through undersigned counsel and files this Motion to Dismiss Counts II and III of the Indictment charging Mr. Crumpton with the Use and Discharge of a Firearm in Furtherance of a Crime of Violence and Murder with a Firearm During a crime of Violence in violation of 18 U.S.C. § 924. In support thereof, Mr. Crumpton, states as follows:

## BACKGROUND

On May 10, 2022, the United States Government filed a motion charging Mr. Crumpton in Count I Interference with Commerce by Attempted Robbery in violation of 18 U.S.C § 1951, Count II Use and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C § 924 (c)(1)(A), Count III Murder with a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(j)(1) and in Count IV  False Statement During the Purchase of a Firearm, along with Co-Defendant James Armstrong, in violation of 18 U.S.C. § 922(a)(6), 924(a)(2) and section 2. Counts II and III alleged that Mr. Crumpton used a firearm during the "crime of violence" alleged in Count I in violation of 18 U.S.C. § 924(c). 18 U.S.C. § 924 (c)(1)(A) penalizes any person "who, during and in relation to any crime of violence... uses or carries a firearm, or who in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924 (c)(1)(A). For

purposes of § 924 (c), a federal crime qualifies as a "crime of violence" if it meets certain statutory definitions. Particularly, under the elements clause, the term "crime of violence" is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924 (c)(3)(A).

The indictment alleges that the predicate "crime of violence" for the § 924(c) charge is Interference with Commerce by Attempted Robbery in violation of 18 U.S.C. § 1951. Section 1951 penalizes one who "in anyway or degree obstruct, delays or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do (so)." 18 U.S.C. § 1951.

## ARGUMENT

Mr. Crumpton contends that the alleged crime of Interference with Commerce by Attempted Robbery, as defined in 18 U.S.C. § 1951 is not a crime of violence for the purposes of 18 U.S.C. § 924(c), as alleged in the indictment. (Doc. 1). In 2022, the Supreme Court held that attempted robbery is not a crime of violence for the purposes of § 924(c). United States v. Taylor, 142 S. Ct. 2015(2022). The theory underlying counts II and III are therefore no longer valid and should be dismissed from the indictment.

As relevant to Count II, 18 U.S.C § 924(c)(1)(A) provides that any person " who, during and in relation to any crime of violence... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall in addition to the punishment provided for such crime of violence..." 18 U.S.C § 924(c)(1)(A). As relevant to Count III, A person "who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall if the killing is a murder (as defined in section 1111) be

punished by death or by imprisonment for and term of years or life…" 18 U.S.C §
924(j)(i). Therefore, as an element to Counts II and III, the government must prove that
the underlying alleged crime of Interference with Commerce by Attempted Robbery is a
"crime of violence".

In determining whether a federal felony may serve as the predicate for a
conviction and sentence the Supreme Court applies the categorical approach, which
poses the question whether the federal felony in question "has as an element the use,
attempted use, or threatened use of physical force." 18 U.S.C. § 924 (c)(3)(A). Under this
approach, the Court looks not to the particular facts of a case, but instead to whether the
elements of the statute in question categorically fall under the federal definition. Borden
v. United States, 141 S. Ct. 1817, 1822(2021).  To win a conviction for attempted Hobbs
Act robbery, the government must prove (1) the defendant intended to unlawfully take
or obtain personal property by means of actual or threatened force, and (2) the
defendant completed a substantial step toward that end. United States v. Taylor, 142 S.
Ct. 2015, 2020 (2022) See, e.g., United States v. Resendiz-Ponce, 549 U.S. 102, 107, 127
S. Ct. 782, 166 L.Ed.2d 591 (2007). The Court further held that whatever a substantial
step requires, it does not require the Government to prove that the Defendant used,
attempted to use, or even threatened to use force against another person or his property.
United States v. Taylor, 142 S. Ct. 2015(2022).

The government has repeatedly conceded that attempted Hobbs Act robbery does
not qualify as a § 924(c) predicate based on Taylor, 142 S.Ct. 2015. It has even waived its
procedural defenses to motions to vacate raising Taylor claims. See Madison v. United
States, No. 19-14132, 2022 WL 3042848, at *1 (11th Cir. Aug. 2, 2022) (after Taylor,
parties submitted joint letter brief agreeing that defendant's § 924(c) conviction

predicated on attempted Hobbs Act robbery should be vacated, and government expressly waived procedural default defense); <u>Samson v. United States</u>, No. 19-11048, 2022 WL 17660604, at *1 (11th Cir. Dec. 14, 2022) (same); <u>United States v. Gonzalez</u>, No. 21-13306, 2022 WL 16570911, at *7 (11th Cir. Nov. 1, 2022) (reversing § 924(c) conviction based on Taylor and parties' agreement); <u>Natson v. United States</u>, No. CR417-050-3, 2023 WL 2543088, at *1 (S.D. Ga. Feb. 23, 2023), report and recommendation adopted, No. CR417-050-3, 2023 WL 2541128 (S.D. Ga. Mar. 16, 2023) (reversing § 924(c) conviction based on Taylor, government's concession, and government's waiver of "any procedural-bar defense"); <u>Plair v. United States</u>, No. CR417-050-1, 2023 WL 2543085, at *1 (S.D. Ga. Feb. 23, 2023), report and recommendation adopted, No. CR417-050-1, 2023 WL 2541120 (S.D. Ga. Mar. 16, 2023) (same); <u>Scott v. United States</u>, No. CR417-050-2, 2023 WL 2266137, at *1 (S.D. Ga. Feb. 28, 2023), report and recommendation adopted, No. CR417-050-2, 2023 WL 2562783 (S.D. Ga. Mar. 17, 2023) (government concession)

On at least one occasion, the Eleventh Circuit confirmed that attempted Hobbs Act robbery cannot qualify as a § 924(c) predicate without noting any concession of this point on the government's part. <u>United States v. Wisher</u>, No. 22-10447, 2023 WL 2910632, at *3 (11th Cir. Apr. 12, 2023) (vacating conviction that was on direct appeal when the Supreme Court decided Taylor). It has gone further, applying the logic of Taylor to vacate a § 924(c) conviction predicated on attempted robbery under Ga. Code Ann. §§ 16-8-41(a) & 16-4-1. <u>United States v. Smith</u>, No. 20-12609, 2023 WL 1860518, at *13 (11th Cir. Feb. 9, 2023). It is thus crystal clear under Taylor and its progeny that Mr. Crumpton's § 924(c) counts cannot be predicated on attempted Hobbs Act robbery.

Moreover, this error is jurisdictional. In <u>United States v. St. Hubert</u>, 909 F.3d 335 (11th Cir. 2018), the Eleventh Circuit held that attempted Hobbs Act robbery did qualify as a § 924(c) predicate. Taylor overruled this part of St. Hubert. But the part of St. Hubert that remains good law shows why this Court has no choice but to dismiss Counts II and III of the indictment. Before reaching the merits of St. Hubert's claim, the Eleventh Circuit considered whether he had waived his claim by pleading guilty. St. Hubert, 909 F.3d at 340-344. Generally, a guilty plea waives all preceding claims, with only two exceptions: claims that the guilty plea itself was not knowing and voluntary, and jurisdictional claims. The Court held that St. Hubert's claim was jurisdictional, since his claim was that his indictment, in charging a § 924(c) offense with a non-qualifying predicate, alleged conduct that was "'outside the reach' of § 924(c)(3)(A)[.]" Id. at 343. St. Hubert's jurisdictional holding remains good law. This Court therefore does not have jurisdiction to try Mr. Crumpton for the charged offenses. No matter what the evidence might show, it would bring the government no closer to proving a violation of § 924(c), since that charge can never be based on attempted Hobbs Act robbery This Court must, therefore, dismiss the charges.

## CONCLUSION

Because Interference with Commerce By Attempted Robbery under § 1951 fails to qualify as a crime of violence under 18 U.S.C. § 924(c) force clause, it may not serve as a "crime of violence" upon which any § 924 (c) count may rest.

WHEREFORE, Mr. Crumpton, respectfully requests this court grant this Motion to Dismiss Counts II and III as Interference with Commerce by Attempted Robbery does not qualify as a crime of violence.

Respectfully submitted, this 22nd day of May, 2023.

**/s/ Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Assistant Federal Defender
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, Georgia 31201
Email: tim_saviello@fd.org

/s/**Chauntilia K. Adaway**
Chauntilia K. Adaway
Ga. Bar No. 871398
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: Chauntilia_adaway@fd.org

### CERTIFICATE OF SERVICE

I, Chauntilia K. Adaway, hereby certify that, I electronically filed the foregoing motion with the clerk of Court using the CM/ECF system, which will send notification of such to all counsel of record.

/s/ **Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Assistant Federal Defender
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, Georgia 31201
Email: tim_saviello@fd.org

/s/**Chauntilia K. Adaway**
Chauntilia K. Adaway
Ga. Bar No. 871398
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: chauntilia_adaway@fd.org