# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**AHKIL NASIR CRUMPTON,**<br><br>*Defendant.* | **CRIMINAL ACTION NO.**<br>**3:22-cr-00012-TES-CHW-1** |

## ORDER DENYING DEFENDANT'S MOTION TO QUASH

Before the Court is Defendant Ahkil Crumpton's Motion to Quash [Doc. 68], asking the Court to quash the recently-obtained search warrant issued by United States Magistrate Judge Charles Weigle.

## BACKGROUND

On May 10, 2022, the Government obtained an Indictment [Doc. 1] charging Defendant with Interference with Commerce by Attempted Robbery, Use and Discharge of a Firearm in Furtherance of a Crime of Violence, Murder with a Firearm During a Crime of Violence, and False Statement During the Purchase of a Firearm, all in violation of 18 U.S.C. §§ 2; 922(a)(6); 924(a)(2), (c)(1)(A), (j)(1); and 1951. [Doc. 1].[1] On June 3, 2022, Defendant entered a plea of not guilty. [Doc. 25].

On June 21, 2022, the Government obtained a search warrant for a sample of

---

[1] The charges arise from a robbery-gone-bad which ended in the death of RaceTrac employee Elijah Wood. [Doc. 69, p. 1]. The investigation led to the arrest of Defendant.

Defendant's DNA. [Doc. 68, p. 2]. Defendant provided the sample on June 29, 2022. [*Id.*]. However, during the ongoing investigation into the murder of Elijah Wood, the Government came across evidence linking Defendant to the homicide of Anthony Jones in Philadelphia, Pennsylvania. [Doc. 69, p. 2].

As a part of the Anthony Jones homicide investigation, FBI Special Agent Hipkiss was informed that there was DNA of an unknown male on an "important item of evidence." [*Id.*]. After asking the FBI to use DNA obtained from the June 2022 sample, the Government was informed that a new DNA sample would be required. [*Id.* at p. 3]. On May 15, 2023, Agent James Hipkiss swore an affidavit before United States Magistrate Judge Charles Weigle. [Doc. 69-2]; [Doc. 69-3]. In that affidavit, Agent Hipkiss essentially repeated the same facts used to support the first search warrant issued in June 2022. [Doc. 68, p. 2]. However, the most recent affidavit alleges the need for a new DNA sample from Defendant, as required by the FBI lab processing evidence on which DNA was recently discovered. [Doc. 69-3, ¶ 54].

## DISCUSSION

Defendant argues that the affidavit does not outline the need for a new DNA sample. Instead, Defendant asserts that the FBI should have tested these pieces of evidence using the June 2022 sample, or the affiant should have explained why the June 2022 DNA sample was insufficient and an additional sample is needed. [Doc. 68, p. 2].

The Government responded by arguing that Defendant's Motion is improper.

Instead, the Government asks the Court to follow other courts in finding that Defendant must wait until the search warrant is executed and then file a motion to suppress or a civil action claiming a violation of his rights. [Doc. 69, pp. 5–6]. The Court agrees.

Defendant's arguments are foreclosed by clear Supreme Court precedent. In *United States v. Grubbs*, the Court held:

> The Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, *ex ante*, the deliberate, impartial judgment of a judicial officer . . . between the citizen and the police and by providing, *ex post*, a right to suppress evidence improperly obtained and a cause of action for damages.

547 U.S. 90, 99 (2006) (cleaned up). Indeed, numerous courts have concluded that individuals do not have standing to challenge a warrant before it is executed. *See Warshak v. United States*, 532 F.3d 521, 528 (6th Cir. 2008) (holding that Fourth Amendment challenges are limited to "two discrete, *post-enforcement* settings: (1) a motion to suppress in a criminal case or (2) a damages claim under [civil actions]"); *In re Search of Elec. Commc'ns in the Acct. of chakafattah@gmail.com at Internet Serv. Provider Google, Inc.*, 802 F.3d 516, 528 (3d Cir. 2015) ("A subpoena, of course, may be challenged prior to compliance. In stark contrast, a search warrant is properly challenged after it is executed."); *United States v. Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d 469, 475 (E.D. Pa. 2020); *United States v. Richards*, No. 2:20-CR-182-DBB, 2020 WL 5893974, at *1 (D. Utah Oct. 5, 2020); *In re Search of Recs., Info., & Data Associated with 14 Email Addresses Controlled by Google, LLC*, 438 F. Supp. 3d 771 (E.D. Mich. 2020).

Defendant cites only to Federal Rule of Criminal Procedure 17, which allows a court to "quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).[2] However, the plain language of Rule 17 limits its application to subpoenas, not search warrants. Indeed, there is an entirely different Federal Rule of Criminal Procedure applicable to search warrants. *See* Fed. R. Crim. P. 41. But Rule 41 does not include Rule 17's language inviting a motion to quash or modify. To be sure, Rule 41 only allows for a motion to suppress evidence. Fed. R. Crim P. 41(h); *see also Carpenter v. United States*, 138 S. Ct. 2206, 2228 (2018) (Kennedy, J., dissenting) (recognizing the differences between subpoenas and search warrants, including that a subpoena provides "the recipient the opportunity to present objections before complying," which is why subpoenas "need not comply with the procedures applicable to warrants").

Even assuming, *arguendo*, that Rule 17(c)(2) did apply to unexecuted search warrants, Defendant fails to show that his "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Indeed, the only argument Defendant makes is that the affidavit lacks a proper explanation for an additional DNA sample. That is not enough. Put simply, "an affidavit supporting a search warrant is presumed valid."

---

[2] Defendant also calls the search warrant a subpoena. [Doc. 68, p. 4 ("[T]he execution of the subpoena would be "unreasonable or oppressive", pursuant to [Rule 17], [Defendant] herein requests this court grant the motion and issue an order quashing the subpoena.")]. However, the document in question is clearly a search warrant. [Doc. 69-1 ("WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS")].

4

*United States v. Whyte*, 928 F.3d 1317, 1333 (11th Cir. 2019). To overcome that presumption, Defendant needed to show "the affiant made misrepresentations or omissions deliberately or with a reckless disregard for the truth and that the affiant's misrepresentations or omissions materially affected the probable-cause determination." *Id.* Even if Defendant's Motion were procedurally proper, he failed to carry that burden.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Quash [Doc. 68].

**SO ORDERED**, this 23rd day of May, 2023.

                                       S/ Tilman E. Self, III
                                       **TILMAN E. SELF, III, JUDGE**
                                       **UNITED STATES DISTRICT COURT**