IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>AHKIL NASIR CRUMPTON,<br><br>    *Defendant.* | CRIMINAL ACTION NO.<br>3:22-cr-00012-TES-CHW-1 |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant Ahkil Crumpton's Motion to Dismiss [Doc. 70], asking the Court to dismiss counts II and III of the Indictment [Doc. 1].[1]

In his Motion, Defendant argues that counts II and III—charging him with Use and Discharge of a Firearm in Furtherance of a Crime of Violence[2] and Murder with a Firearm During a Crime of Violence[3]—must be dismissed because count I—Interference with Commerce by Attempted Robbery[4] ("attempted Hobbs Act robbery")—does not qualify as a "crime of violence." [Doc. 70, p. 2]. The Government filed a Response [Doc.

---

[1] On May 10, 2022, the Government obtained an Indictment [Doc. 1] charging Defendant with Interference with Commerce by Attempted Robbery, Use and Discharge of a Firearm in Furtherance of a Crime of Violence, Murder with a Firearm During a Crime of Violence, and False Statement During the Purchase of a Firearm, all in violation of 18 U.S.C. §§ 2; 922(a)(6); 924(a)(2), (c)(1)(A), (j)(1); and 1951. [Doc. 1]. On June 3, 2022, Defendant entered a plea of not guilty. [Doc. 25].

[2] In violation of 18 U.S.C. § 924(c)(1)(A).

[3] In violation of 18 U.S.C. § 924(j)(1).

[4] In violation of 18 U.S.C. § 1951.

72] agreeing with Defendant's reading of current precedent and concluding that it "will only be able to proceed to trial on Counts One and Four." [Doc. 72, p. 1].

The Court agrees with the parties' analysis. To be sure, the United States Supreme Court clearly answered the question in *United States v. Taylor*, when it held that attempted Hobbs Act robbery **does not** qualify as a crime of violence to serve as a predicate offense under 18 U.S.C. § 924(c)(1)(A). 142 S. Ct. 2015 (2022). In reaching that conclusion, the Court reasoned that under the elements clause[5]—18 U.S.C. § 924(c)(3)(A)—attempted Hobbs Act robbery does not meet the definition of a crime of violence. *Id.* at 2021. Indeed, the Court concluded that "[s]imply put, no element of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force." *Id.* Following *Taylor*, the Eleventh Circuit held that the Supreme Court's command was clear: "attempted Hobbs Act robbery is not a crime of violence under the elements clause." *United States v. Camacho*, No. 21-10943, 2023 WL 3404900, at *2 (11th Cir. May 12, 2023); *see also United States v. Gonzalez*, No. 21-13306, 2022 WL 16570911, at *1 (11th Cir. Nov. 1, 2022) ("The Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c), so we

---

[5] The phrase "crime of violence" is defined in § 924(c)(3) in two clauses. First, under the elements clause, it is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). The second clause—called the residual clause—defines a crime of violence as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense[.]" 18 U.S.C. § 924(c)(3)(B). The Court did not apply the residual clause in *Taylor* because it previously held that clause to be unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019).

reverse Benitez's conviction under that statute."). Therefore, Hobbs Act attempted robbery cannot be used as the predicate offense underlying a charge under § 924(c)(1)(A).

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 70]. Accordingly, counts II and III of the Indictment [Doc. 1] are **DISMISSED**.

**SO ORDERED**, this 12th day of June, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**