IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.   : | Case No. 3:22-cr-12 (TES) |
| AKHIL NASIR CRUMPTON,   : | |
| Defendant.   : | |

## ORDER ON MOTION FOR RECONSIDERATION OF DETENTION

On December 16, 2022, following a hearing pursuant to 18 U.S.C. § 3142(f)(1), the Court entered an order that Defendant be detained pending trial. (Doc. 53). Defendant filed a Motion for Reconsideration of the order, asking the Court to reopen the evidence based on new information that did not exist at the time of the detention hearing. (Doc. 74). Defendant also filed a Motion to Compel Discovery (Doc. 75) and a Motion for Return of Property. (Doc. 76). A hearing on the motion was conducted on July 11, 2023, following which the Court orally ordered that all three motions were **DENIED** for the reasons stated on the record at the hearing and summarized below.

As to Defendant's Motion for Reconsideration of the detention order, the Court found that the new information Defendant presented was not relevant to the question of detention or pretrial release. This new information concerned two incidents that took place while Defendant was in custody at the Butts County Detention Center, one involving a use of force during the execution of a search warrant and another involving four attorney-client telephone calls that were recorded by the jail phone system and obtained by the defense in discovery. The Court observed on the record following the hearing that the use of force incident, on May 24, 2023, might properly be the subject of a civil claim against the jail but was not pertinent to the questions posed by 18 U.S.C. § 3142,

1

namely whether conditions of release would be sufficient to secure the defendants appearance at trial or the safety of the community. Moreover, the evidence presented at the hearing did not show that the use of force in question was excessive. Defendant presented a video recording of the use of force incident, which showed that the use of force was reasonable in the circumstances. The video showed that officers of the jail notified Defendant that federal agents were present to execute a search warrant to obtain a DNA sample from Defendant by means of a buccal swab. Defendant was in the shower when he was located by the jail officers. Defendant refused to leave the shower area and told the officers that he would not comply with the warrant. The officers negotiated with Defendant for approximately fifteen minutes to obtain his cooperation. When Defendant consistently refused to leave the shower area or cooperate, the officers notified Defendant that they would use a taser to obtain his compliance. Defendant told the officers that they would have to use the taser to get him to leave the shower area. After repeated warnings, the officers deployed the taser and then escorted Defendant to the medical unit, where agents were waiting to execute the warrant. Defendant still refused to comply with the warrant and a scuffle ensued, after which the officers pinned Defendant to the ground and agents were able to obtain the sample. Although the Court noted that the use of force could have been avoided had the Government waited until Defendant's counsel could be present for the execution of the warrant – as counsel had been present for the execution of an earlier DNA warrant – nothing required the Government to have counsel present for the execution of the warrant. To the extent that this incident is material to the question of pretrial release, Defendant's resistance to the execution of a lawful warrant and escalation to a physical confrontation only serves to confirm the conclusion that conditions of release would not be sufficient to secure the Defendant's appearance at trial or protect the safety of

the community.

Similarly, evidence related to the recording of attorney-client telephone calls is not material to the question of pretrial release or detention. The evidence presented indicated that these recordings were inadvertent and that the Government has taken appropriate measures to avoid violation of attorney-privilege. Although the reason for the recording was not clearly established, the evidence suggested that it might have been related to defense counsel calling from a cellular telephone number that was not registered with the jail as a privileged number. It is not clear from the evidence whether the Government or the defense first discovered that the recorded jail calls produced in discovery on March 20, 2023, included attorney calls, but once the error was discovered, the Government took action to minimize the effect of the recordings. The Government assigned a "filter agent," not connected with the investigation, to review the data. The filter agent identified four attorney-client telephone calls that had been recorded and submitted a report to defense counsel. The Government represents that the recordings were deleted from the Government's files and that "no member of the prosecution team has listened to any of the recorded phone calls between Defendant and his counsel." (Doc. 78, p. 3). There is nothing in this evidence to suggest that these recordings were part of an effort by the Government to "abuse[] the authority they have over Mr. Crumpton as a pretrial detainee in ways which impact his Fourth, Fifth, Sixth Amendment rights." (Doc. 74, p. 3).

Along with the Motion for Reconsideration, Defendant also filed a Motion to Compel and a Motion for Return of Property. In the Motion to Compel, Defendant requested an order compelling the Government to produce video footage of the execution of the search warrant and use of force on May 24, 2023, along with any incident reports or witness statements. The Motion to Compel

(Doc. 75) is **DENIED** as moot, as it appears that the Government had produced any such evidence prior to the hearing.

In the Motion for Return of Property, Defendant seeks, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the return of the DNA sample taken on May 24, 2023, as well as any hair torn from Defendant's head during the execution of the search warrant. Rule 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Such a motion is ordinarily filed "after the close of all criminal proceedings." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). In this case, the criminal proceedings are still pending, and the DNA sample was lawfully seized pursuant to a warrant from this Court and is evidence in the case. As such, the Motion for Return of Property (Doc. 76) is **DENIED**. To the extent that the Government is in possession of any hair torn from Defendant's head during the physical altercation, however, there is no indication that such hair would be evidence in the case, and the Government is directed to return it to Defendant.

**SO ORDERED**, this the 30th day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge