### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CASE NO.: 3:22-CR-00012** |
| **AHKIL NASIR CRUMPTON** | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE INADMISSIBLE EVIDENCE RELATING TO THE DEATH OF ELIJAH WOOD

**COMES NOW** the Defendant, Ahkil Nasir Crumpton, by and through undersigned counsel, and respectfully submits this motion in limine asking the court to exclude certain evidence that it argues is not relevant to the charges remaining in this case, and even if relevant, the prejudicial impact to Mr. Crumpton, with their admission, substantially outweighs that very limited probative value.

The defense anticipates that the Government will seek to introduce evidence surrounding the death of Elijah Wood during the alleged attempted robbery, that is the subject of this case, and most of the information or evidence surrounding that event, is not only irrelevant to the matters on trial in this case, but the prejudicial impact of admission would substantially outweigh any relevance. Specifically, Mr. Crumpton herein moves to prevent the government from introducing any details about Mr. Wood's death, other than the fact that he died from a single gunshot fired by the perpetrator and both the bullet and shell casing was recovered. Any details relating to the nature of Mr. Wood's injuries, efforts to save his life, autopsy etc. are not relevant to the charges remaining before the court, and if marginally relevant, their prejudicial impact on Mr. Crumpton would far outweigh any limited relevance. In support Mr. Crumpton shows as follows:

## PROCEDURAL HISTORY

Mr. Crumpton was indicted on May 10, 2022, and charged with four counts: Count One Interference with Commerce by Attempted Robbery in violation of 18 U.S.C 1951. Count Two Use and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C §924(c)(1)(A). Count Three Murder with a Firearm during a Crime of Violence in violation of 18 U.S.C. §§ 1111 and 924(j)(1). Count Four charges Mr. Crumpton, along with a co-defendant, with False Statement During the Purchase of a Firearm in violation of 18 U.S.C §§ 922(a)(6) and 924(a)(2). On May 22, 2023, defense counsel filed a motion to dismiss Counts Two and Three of the indictment, pursuant to the United States Supreme Court decision in United States v. Taylor. On June 12, 2022, this Court entered an order granting the motion, dismissing counts two and three of the above styled indictment. (Doc. 73).

## FACTUAL BACKGROUND

I.   **March 19, 2021 - RaceTrac –Watkinsville Georgia**

Oconee County Sheriff's Officers were dispatched to the RaceTrac Convenient store in Watkinsville Georgia, following a call that someone had been shot. When deputies arrived, Elijah Wood, the on-shift clerk, was located behind the counter deceased from a gunshot wound to his chest. While reviewing surveillance footage, officers observed an individual wearing a face covering, dark clothing, and gloves enter the store and approach the counter where Elijah Wood was standing. The individual was observed pointing a pistol with what appears to be a light or laser-sight attached at Elijah Wood. After a shot was fired, striking Mr. Wood in the chest, he collapsed to the floor, and the unidentified individual leaves the store without taking anything.

**II.     Philadelphia Incident**

On July 17, 2021, Philadelphia Police Department officers responded to downtown Philadelphia regarding Anthony Jones and determined that he had been shot and killed, as he was committing an armed robbery with a Ruger Pistol. The pistol shot by the victim, appeared to be a black semi-automatic pistol with a light or laser-sight attached. Philadelphia PD processed the scene and collected 13 9mm fired cartridge cases, a Glock 43 9mm pistol, a Ruger model P95 9 mm pistol and a BMW key fob. An autopsy report revealed Jones sustained two gunshot wounds, one of which was fatal. DNA swabs retrieved from the holster of the Glock 43 and the BMW key fob were analyzed and compared to the DNA of Mr. Crumpton. Analysis revealed the belt clip on the holster of the Glock 43 9mm pistol, contained the DNA profiles of Joey Ford, Ahkil Crumpton and two other individuals.

**III.    Arrest and Search Pursuant to Warrant**

Pursuant to an arrest warrant issued by the Oconee County Superior Court, Mr. Crumpton was arrested outside his apartment in Philadelphia on March 16, 2022. During a search of Mr. Crumpton's bedroom, Agents located a Glock Model 19, 9mm pistol (Serial Number: BPDV410) inside of a bookbag.

**ARGUMENT**

**I.     Evidence Relating to the Details of Mr. Wood's Death are Not Relevant to the Charges at Issue**

The defense anticipates that the government will intend to offer evidence of the details of Mr. Wood's death, including but not limited to, cause of death, manner of death, photographs of the injury he suffered, photos of his body *in* situ in the RaceTrac store, and testimony about those details. The defense expects the government to argue that evidence of the details of the means

and manner of Mr. Wood's death are relevant to the charged offenses. Only the fact of Mr. Wood's death by a specific gun is relevant, any details beyond that are not.

### a. Relevancy Generally

Evidence is relevant if it "has [a] tendency to make a fact more or less probable than it would be without the evidence." F.R.Ev. Rule 401. Additionally, "[t]he evidence must be probative of the proposition it is offered to prove," and the proposition "must be one that is of consequence to the determination of the action." *United States v. Glasser*, 773 F.2d 1553, 1559 n. 4 (11th Cir.1985). That is to say, the fact in question must be material to the resolution of the matter at hand. In this case, the death of Mr. Wood is not relevant to any of the elements of the charges pending against Mr. Crumpton. No death is required to prove up an attempted Hobbs Act robbery, nor to prove up making a false statement during the purchase of a firearm.

### b. Elements of Attempted Hobbs Act Robbery

To prove an Attempted Hobbs Act Robbery, the government is tasked with proving beyond a reasonable doubt the following: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a "substantial step" toward that end. *United States v. Taylor*, 142 S. Ct. 2015, 2020, 213 L. Ed. 2d 349 (2022). Of course, the government must also prove the identify of the attempted robber.

In this case it appears the government will attempt to meet its burden as to this count by introducing evidence that Mr. Crumpton intended to unlawfully take money from the clerk of the RaceTrac by use of threatened force and completed a substantial step towards that attempt by disguising himself, entering the store, and pointing a handgun at the clerk. At that moment, all elements of Attempted Hobbs Act Robbery would have been completed and if the jury found

those facts proven beyond a reasonable doubt, would be authorized to convict. No more would be needed.

However, in order to prove the identity of the attempted robber, the government appears intent to rely on evidence that the gun used in that robbery was Mr. Crumpton's and that he was found with that gun almost a year later. To do that, they intend to rely on ballistics evidence comparing the bullet and shell casing fired in the RaceTrac that night, to bullets and shell casings fired under controlled conditions by the gun they seized when arresting Mr. Crumpton.  Thus, the fact of the bullet and it's identifying characteristics become relevant as to proving the identity of the attempted robber.  However, the fact that the bullet killed Mr. Wood and the details of his death are simply not relevant.  How many liters of blood Mr. Wood lost, precisely where the bullet entered his body, the damage it inflicted, none of those details make any element of Attempted Hobbs Act Robbery more or less likely.  As such, they simply are not relevant, and the government should be prevented from introducing them into the trial of this case.

### c. Elements of Making False Statements During the Purchase of a Firearm

Similarly, in order to prove the elements necessary for a conviction on Count 4, the government must prove that: (1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer; (2) the Defendant knowingly made a false or fictitious statement, orally or in writing] that was intended and likely to deceive the dealer; and (3) the subject matter of the false statement was material to the lawfulness of the sale.  *18 USC §922(a)(6); 11th Cir Pattern Criminal Jury Instructions, O34.3.* And of course, the government must provide the identity of the defendant.

Clearly, nothing related to the alleged Attempted Hobbs Act Robbery of the RaceTrac on March 19, 2021 "has [a] tendency to make a fact [relating to the false statement in purchase of a

firearm] more or less probable than it would be without the evidence." F.R.Ev. Rule 401. This would include the death of Mr. Wood in any context.

### d. Details of the Death Are Simply Not Relevant

Because the details of Mr. Wood's death are not relevant to either of the two counts at trial in this case, they are not admissible, and the government should be directed not to attempt to introduce such evidence at the trial of this case.

What is relevant is that the government contends that the bullet that killed Mr. Wood was fired from a specific firearm, which they intend to prove belonged to Mr. Crumpton. Under that theory, the fact of the bullet and any identifying features of that bullet would be relevant, but the fact that the bullet struck and killed Mr. Wood is not. If the bullet had missed and was recovered from the cigarette display behind the counter, it would make no difference in the trial of this case. The existence of the bullet in time and place, tying it to the attempted robbery, and any identifying features tying it to a specific gun, are the relevant details about that bullet. What happened to it after it left the barrel of the gun used in the attempted robbery, is simply not relevant. It makes no material fact at issue in this trial more or less probable, as required by Rule 401.

In this case, the fact that the bullet struck Mr. Wood and killed him is of no consequence to the issues in this case. As such, the details of the damage that bullet caused are likewise immaterial, irrelevant and inadmissible.

### II. Even if Marginally Relevant, Rule 403 Prevents Admission

Even if the court finds that the details of Mr. Wood's death are relevant to any degree, before they may be admitted at trial, the court must still balance that relative probative value against the prejudicial impact admission would inflict upon Mr. Crumpton. If the court does so, it

will find the evidence should be excluded pursuant to Federal Rule of Evidence 403, as its probative value is substantially outweighed by a danger of unfair prejudice.

   A. *While the Fact of Mr. Wood's Death MAY be Relevant, The Details of His Death Are Too Prejudicial*

If the court is inclined to find that the fact of Mr. Wood's death is relevant and otherwise admissible, there can be no serious argument that the lurid details of his death are so relevant as to meet or exceed the substantial prejudice that their admission would inflict upon Mr. Crumpton.

It is axiomatic that when weighing relevance against prejudice that the less relevant the evidence is, the less prejudice is required to substantially outweigh that limited relevance. Put another way, the more relevant the objectionable evidence is, the greater the prejudicial impact needed to substantially outweigh that evidence. Here, while the fact of Mr. Wood's death may be relevant, the details are barely relevant, if at all.

The details of his death, including but not limited to, cause of death, manner of death, photographs of the injury he suffered, photos of his body *in* situ in the RaceTrac store and testimony about those details are all extremely prejudicial to Mr. Crumpton, should they be admitted at trial.

Courts have routinely held that there should be strict limitations on the admission of the lurid details of a death even when they are relevant, probative, and otherwise admissible. *United States v. Brown*, 492 F. App'x 57, 59 (11th Cir. 2012) More specifically, "Rule 403 is an 'extraordinary remedy,' *United States v. Utter*, 97 F.3d 509, 514 (11th Cir.1996) (citation omitted), whose 'major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.' *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir.1991) (internal quotation omitted)." *United States v.*

*Hands*, 184 F.3d 1322, 1328 (11th Cir.), corrected, 194 F.3d 1186 (11th Cir. 1999). Such is the case here. Admitting details about Mr. Wood's death, to include photographs of his body, wounds and/or descriptions thereof, even if relevant, would be admitted primarily for "the sake of its prejudicial effect." *Id.* It is precisely the type of evidence that has "great potential to incite unfair prejudice" that Rule 403 is designed to protect against. *Hands*, 184 F.3d at 1328 (quoting *United States v. Church,* 955 F.2d 688, 702 (11th Cir. 1992)

There can be no credible argument that any evidence of the details of Mr. Wood's death would be highly prejudicial, in that they would bring the jury's attention directly to the tragic and gruesome details of death by shooting, and take their attention away from the charges in this case: Attempted Hobbs Act Robbery and Making a False Statement During Purchase of a Firearm. Such evidence could only be viewed by the average human being, including jurors, as emotionally inflammatory. As such it would be highly prejudicial to Mr. Crumpton.

This extreme prejudice must then be weighed against the scant probative value of the details of Mr. Wood's death, as to the charges at hand. It does not take much prejudice to substantially outweigh evidence that is only marginally relevant. Rule 403 is intended to exclude marginally relevant evidence, such as this, that is "likely to incite a jury to an irrational decision . . ." *Id.*

## CONCLUSION

Any details other than the fact of Mr. Wood's death, to include photographs of his body or wound, or descriptions or testimony thereof, are simply not relevant to the issues before the jury. Such evidence would not make any critical fact at trial more or less probable, and thus do not meet the relevancy requirement of F.R.E. Rule 401. To the extent that the evidence has any

probative value, that probative value is exponentially outweighed by its undue prejudice and should be excluded pursuant to Rules 403 Federal Rules of Evidence accordingly.

**WHEREFORE**, the Defendant, Ahkil Crumpton, respectfully requests this Court to enter an order excluding any evidence related to the details of Mr. Wood's injury, as described above, or fashion significant limitations on any evidence on that subject.

Dated this 3rd day of October 2023

Respectfully submitted,

**/s/Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org


**/s/Chauntilia K. Adaway**
Chauntilia K. Adaway
Ga. Bar No. 871398
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: chauntilia_adaway@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing pleading with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

Respectfully submitted,

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org