### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CASE NO.: 3:22-CR-00012** |
| **AHKIL NASIR CRUMPTON** | |

### DEFENDANT'S MOTION IN LIMINE TO PREVENT THE GOVERNMENT FROM REFERRING TO THE CHARGED OFFENSE CONDUCT AS A "HOMICIDE"

**COMES NOW** the Defendant, Ahkil Nasir Crumpton, by and through undersigned counsel, and respectfully submits this motion in limine asking the court to prevent the government from referring to the charged offense conduct as a "homicide", because that title is not relevant to the charges remaining in this case, and even if relevant, the prejudice to Mr. Crumpton of allowing the events to be characterized that way substantially outweighs any very limited probative value.

Based on discovery provided by the government it is clear that the government intends to refer to the charged offense conduct in this case as the "Elijah Wood Homicide". (Doc. 99, Exh. 2 p.8) That term is not relevant to the charges in this case and is highly prejudicial to Mr. Crumpton, should it be used by the government as a titular descriptor of the events at issue in this trial.  In support Mr. Crumpton shows as follows:

### PROCEDURAL HISTORY

Mr. Crumpton was indicted on May 10, 2022, and charged with four counts:  Count One Interference with Commerce by Attempted Robbery in violation of 18 U.S.C 1951.  Count Two Use and Discharge of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C §924(c)(1)(A).  Count Three Murder with a Firearm during a Crime of Violence in violation of

18 U.S.C. §§ 1111 and 924(j)(1). Count Four charges Mr. Crumpton, along with a co-defendant, with False Statement During the Purchase of a Firearm, in violation of 18 U.S.C §§ 922(a)(6) and 924(a)(2). On May 22, 2023, defense counsel filed a motion to dismiss Counts Two and Three of the indictment, pursuant to the United States Supreme Court decision in United States v. Taylor. On June 12, 2022, this Court entered an order granting the motion, dismissing counts two and three of the above styled indictment. (Doc. 73).

## FACTUAL BACKGROUND

### I. March 19, 2021 - RaceTrac –Watkinsville Georgia

Oconee County Sheriff's Officers were dispatched to the RaceTrac Convenient store in Watkinsville Georgia, following a call that someone had been shot. When deputies arrived, Elijah Wood, the on-shift clerk, was located behind the counter deceased from a gunshot wound to his chest. While reviewing surveillance footage, officers observed an individual wearing a face covering, dark clothing, and gloves enter the store and approach the counter where Elijah Wood was standing. The individual was observed pointing a pistol with what appears to be a light or laser-sight attached at Elijah Wood. After a shot was fired, striking Mr. Wood in the chest, and he collapsed to the floor, the unidentified individual leaves the store without taking anything.

### II. Philadelphia Incident

On July 17, 2021, Philadelphia Police Department officers responded to downtown Philadelphia regarding Anthony Jones and determined that he had been shot and killed, as he was committing an armed robbery with a Ruger Pistol. The pistol shot by the victim appeared to be a black semi-automatic pistol with a light or laser-sight attached. Philadelphia PD processed the scene and collected 13 9mm fired cartridge cases, a Glock 43 9mm pistol, a Ruger model P95 9

mm pistol and a BMW key fob. An autopsy report revealed Jones sustained two gunshot wounds, one of which was fatal. DNA swabs retrieved from the holster of the Glock 43 and the BMW key fob were analyzed and compared to the DNA of Mr. Crumpton. Analysis revealed the belt clip on the holster of the Glock 43 9mm pistol, contained the DNA profiles of Joey Ford, Ahkil Crumpton and two other individuals.

### III.     Arrest and Search Pursuant to Warrant

Pursuant to an arrest warrant issued by the Oconee County Superior Court, Mr. Crumpton was arrested outside his apartment in Philadelphia on March 16, 2022.  During a search of Mr. Crumpton's bedroom, Agents located a Glock Model 19, 9mm pistol (Serial Number: BPDV410) inside of a bookbag.

## ARGUMENT

### I.     **The Formal Descriptor of Mr. Wood's Death Is Not Relevant**

The defense anticipates that the government will intend to offer documentary and testimonial evidence that specifically and intentionally refer to the events of March 19, 2021, the "Homicide of Elijah Wood".  This can be found in the report of the government's cellular tower expert, FBI SA Jay Berni.  As a preface to a map showing cell phone and tower connections on the night in question, SA Berni's report introduces that information as the "Homicide of Elijah Wood":

> Elijah Wood Homicide
>
> March 19, 2021
>
> 12:00 am – 2:00 am

(Doc. 99, Exhibit 2, p.8)

While Mr. Wood's death that night can be classified for law enforcement and medical examiner purposes as a homicide, any term classifying the manner of his death is irrelevant to the issues before the jury in this trial.[1]

### a. Relevancy Generally

Evidence is relevant if it "has [a] tendency to make a fact more or less probable than it would be without the evidence." F.R.Ev. Rule 401. Additionally, "[t]he evidence must be probative of the proposition it is offered to prove," and the proposition "must be one that is of consequence to the determination of the action." *United States v. Glasser*, 773 F.2d 1553, 1559 n. 4 (11th Cir.1985). That is to say, the fact in question must be material to the resolution of the matter at hand. In this case, the death of Mr. Wood is not relevant to any of the elements of the charges pending against Mr. Crumpton. No death is required to prove up an attempted Hobbs Act robbery, nor to prove up making a false statement during the purchase of a firearm.

### b. Elements of Attempted Hobbs Act Robbery

To prove an Attempted Hobbs Act Robbery, the government is tasked with proving beyond a reasonable doubt the following: (1) The defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a "substantial step" toward that end. *United States v. Taylor*, 142 S. Ct. 2015, 2020, 213 L. Ed. 2d 349 (2022). Of course, the government must also prove the identity of the attempted robber.

In this case it appears the government will attempt to meet its burden as to this count by introducing evidence that Mr. Crumpton intended to unlawfully take money from the clerk of the

---

[1] Mr. Crumpton has previously filed a Motion in Limine seeking to prevent any information about the fact that Mr. Wood died on March 19, 2021, during the attempted robbery at issue in this case. (Doc.118) The court denied that motion (Doc.132), over Mr. Crumpton's objection. The pleading herein is an attempt to ameliorate the prejudice from allowing the fact of Mr. Wood's death into evidence, and in no way should be considered as a waiver or renunciation of his initial Motion in Limine on this issue. (Doc.118)

RaceTrac by use of threatened force and completed a substantial step towards that attempt by disguising himself, entering the store, and pointing a handgun at the clerk. At that moment, all elements of Attempted Hobbs Act Robbery would have been completed and if the jury found those facts proven beyond a reasonable doubt, would be authorized to convict. No more would be needed.

The fact of Mr. Wood's death is not simply relevant within the meaning of Rule 401. There is no fact at issue in this trial, critical or otherwise, that is made more or less probable by the fact that Mr. Wood died. As such, the law enforcement classification of his death is likewise irrelevant to the facts at issue in Count 1 of the indictment, the attempted robbery.

### c. Elements of Making False Statements During the Purchase of a Firearm

Similarly, in order to prove the elements necessary for a conviction on Count 4, the government must prove that: (1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer; (2) the Defendant knowingly made a false or fictitious statement, orally [or in writing] that was intended and likely to deceive the dealer; and (3) the subject matter of the false statement was material to the lawfulness of the sale. *18 USC §922(a)(6); 11th Cir Pattern Criminal Jury Instructions, O34.3.* And of course, the government must provide the identity of the defendant.

Clearly, nothing related to the alleged Attempted Hobbs Act Robbery of the RaceTrac on March 19, 2021 "has [a] tendency to make a fact [relating to the false statement in purchase of a firearm] more or less probable than it would be without the evidence." F.R.Ev. Rule 401. This would include the death of Mr. Wood in any context, including the law enforcement classification of the manner of his death.

### d. Legal Term Describing the Manner of the Death Is Simply Not Relevant

Because the details of Mr. Wood's death are not relevant to either of the two counts at trial in this case, the term that law enforcement uses to classify the manner of that death is likewise not admissible, and the government should be directed not to attempt to introduce such evidence at the trial of this case.

As discussed below, the term "homicide" carries significant implications for the layperson and is most often considered a synonym for "murder". As such, that carries significant prejudice for Mr. Crumpton, because he is not charged with the death of Mr. Wood, murder or otherwise.

### e. Accurate Descriptor is "Attempted Robbery"

Because Mr. Crumpton is charged with attempted robbery for the events of March 19, 2021, that is the more accurate descriptor in the context of this case. Not only does it make plain, common sense, but it serves the overall purpose of ensuring that the jury remains focused on their task: to determine if Mr. Crumpton committed attempted robbery of Mr. Wood at the RaceTrac store on March 19, 2021.

## II. Even if Marginally Relevant, Rule 403 Prevents Admission

Even if the court finds that the law enforcement classification of Mr. Wood's death as a homicide is relevant to any degree, before the term may be admitted at trial, the court must still balance that relative probative value against the prejudicial impact admission would inflict upon Mr. Crumpton. If the court does so, it will find the evidence should be excluded pursuant to Federal Rule of Evidence 403, as its probative value is substantially outweighed by a danger of unfair prejudice.

   A. *Even if the Manner of Mr. Wood's Death MAY be Relevant, The Word "Homicide" is Too Prejudicial*

If the court is inclined to find that the law enforcement classification of Mr. Wood's death is relevant and otherwise admissible, there can be no serious argument that using the word "homicide" to describe his death is so relevant, as to meet or exceed the substantial prejudice that its admission would inflict upon Mr. Crumpton.

It is axiomatic that when weighing relevance against prejudice that the less relevant the evidence is, the less prejudice is required to substantially outweigh that limited relevance. Put another way, the more relevant the objectionable evidence is, the greater the prejudicial impact needed to substantially outweigh that evidence. Here, while the fact of Mr. Wood's death may be relevant, the law enforcement classification of the manner of his death is barely relevant if at all.

The word "homicide" of course has a legal definition, as but one way of classifying the manner of someone's death. But the word "homicide" is also ubiquitous in American culture and for the vast majority of citizens not trained, educated, or otherwise involved in law enforcement or the criminal justice system, "homicide" is synonymous with "murder". If the government is allowed to repeatedly refer to the events of March 19, 2021, as the "Homicide of Elijah Wood" rather than the "Attempted Robbery", it is clear that the jurors will remain focused on the fact that Mr. Wood died as a result of those events. The court has previously ruled the fact of Mr. Wood's death is admissible, and despite Mr. Crumpton's objections, will be in evidence at the trial. However, allowing the word "homicide" to be used to describe those events as a whole, creates the substantial risk of unfair prejudice. As to a criminal defendant, Rule 403's term 'unfair prejudice' speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on an improper basis, rather than on proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644, 646, 136 L. Ed. 2d 574

(1997) "'Unfair prejudice'" cannot be simplistically defined as evidence having adverse effects on a party's case; rather, it is 'an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Cauchon v. United States*, 824 F.2d 908, 914 (11th Cir. 1987) (internal citations omitted). See also *United States v. Saintil*, 753 F.2d 984, 989 n. 7 (11th Cir.1985) (noting that under Rule 403, prejudice "relates to the likelihood of inciting the jury to an irrational decision based on an improper basis.")

That is precisely what is at risk here: that the jury will be focused on Mr. Wood's death, instead of whether or not Mr. Crumpton committed attempted robbery, and convict Mr. Crumpton on that basis. Having the government repeatedly refer to Mr. Wood's death as a "homicide" during the trial runs the significant risk of the jurors assuming that the use of that term has meaning as it relates to Mr. Crumpton, when it does not. That term has no bearing on whether or not Mr. Crumpton committed attempted robbery or made false statements during the purchase of a firearm.

This extreme prejudice must then be weighed against the scant probative value of the law enforcement classification of Mr. Wood's death as to the charges at hand. It does not take much prejudice to substantially outweigh evidence that is only marginally relevant. Rule 403 is intended to exclude marginally relevant evidence, such as this, that is "likely to incite a jury to an irrational decision . . ." *Id.*

## CONCLUSION

The classification of the manner of Mr. Wood's death is simply not relevant to the issues before the jury. Such evidence would not make any critical fact at trial more or less probable, and thus do not meet the relevancy requirement of F.R.E. Rule 401. To the extent that the

evidence has any probative value, that probative value is exponentially outweighed by its undue prejudice and should be excluded pursuant to Rules 403 Federal Rules of Evidence accordingly.

**WHEREFORE**, the Defendant, Ahkil Crumpton, respectfully requests this Court to enter an order preventing the government from describing the events of March 19, 2021, as the "Homicide of Elijah Wood".

Dated this 12th day of October 2023

Respectfully submitted,

**/s/Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org

/s/**Chauntilia K. Adaway**
Chauntilia K. Adaway
Ga. Bar No. 871398
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: chauntilia_adaway@fd.org

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing pleading with the clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

Respectfully submitted,

**/s/Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org