## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No.: 3:22-CR-12-CAR** |
| **AKHIL CRUMPTON** | |

### MR. CRUMPTON'S PROPOSED JURY INSTRUCTIONS

COMES NOW the defendant, by and through counsel, requests this Court to provide the attached Jury Instructions to the jury in the above-styled case.

Dated this 19th day of October 2023.

Respectfully submitted,

/s/**Timothy R. Saviello**
Timothy R. Saviello
Ga. Bar No. 627820
Attorney for Defendant
Federal Defenders of the
Middle District of Georgia, Inc.
440 Martin Luther King Jr. Blvd.
Suite 400
Macon, GA 31201
Tel: (478) 743-4747
Fax: (478) 207-3419
Email: tim_saviello@fd.org

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No.: 3:22-CR-12-CAR** |
| **AKHIL CRUMPTON** | |

## PROPOSED JURY INSTRUCTION

**BASIC INSTRUCTIONS**

B1 FACE PAGE - INTRODUCTION

B2.2 DUTY TO FOLLOW INSTRUCTIONS AND THE PRESUMPTION OF INNOCENCE WHEN A DEFENDANT DOES NOT TESTIFY

B3 DEFINITION OF REASONABLE DOUBT

B4 CONSIDERATION OF DIRECT AND CIRCUMSTANTIAL EVIDENCE; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

B5 CREDIBILITY OF WITNESSES

B6.2 IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS OR FELONY CONVICTION

B7 EXPERT WITNESS

B8 INTRODUCTION TO OFFENSE INSTRUCTIONS

B10.2 CAUTION: PUNISHMENT (SINGLE DEFENDANT, MULTIPLE COUNTS)

**SPECIAL INSTRUCTIONS**

S1.2 TESTIMONY OF ACCOMPLICE OR CODEFENDANT WITH PLEA AGREEMENT

S2.1 CONFESSION OR STATEMENT OF A SINGLE DEFENDANT

S3 IDENTIFICATION TESTIMONY

S4.2 SIMILAR ACTS EVIDENCE - IDENTITY

S5 NOTE-TAKING

**OFFENSE INSTRUCTIONS**

S11 ATTEMPT(S)

O34.3 FALSE STATEMENT TO FIREARMS DEALER 18 U.S.C. § 922(A)(6)

 S7 AIDING AND ABETTING (AGENCY) (18 U.S.C. § 2)

**TRIAL INSTRUCTIONS**

T1.2 CAUTIONARY INSTRUCTION SIMILAR ACTS EVIDENCE - IDENTITY (RULE 404(B), FED. R. EVID.)

CAUTIONARY INSTRUCTION ABOUT EVIDENCE OF REMORSE

T2 EXPLANATORY INSTRUCTION - PRIOR STATEMENT OR TESTIMONY OF A WITNESS

T3 EXPLANATORY INSTRUCTION - TRANSCRIPT OF TAPE RECORDED CONVERSATION

BASIC INSTRUCTIONS

B11 DUTY TO DELIBERATE

B12 VERDICT

**B1**
**Introduction**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B2.2**
## The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*United States v. Teague*, 953 F.2d 1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial… Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

<u>**ANNOTATIONS AND COMMENTS**</u>

***United States v. Daniels***, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), ***cert. denied***, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; ***see also United States v. Morris***, 647 F.2d 568 (5th Cir. 1981); ***Victor v. Nebraska***, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4**
## Consideration of Direct and Circumstantial Evidence;
## Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**

7

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

9

**B6.2**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony**
**Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

<u>**ANNOTATIONS AND COMMENTS**</u>

*See United States v. Solomon*, 856 F.2d 1572, 1578 (11th Cir. 1988), *reh'g denied*, 863 F.2d 890 (1988), *cert. denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**B7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**ANNOTATIONS AND COMMENTS**

*United States v. Johnson*, 575 F.2d 1347, 1361 (5th Cir. 1978), *cert. denied*, 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

**B8**
**Introduction to Offense Instructions**

The indictment charges ___ separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that Mr. Crumpton Interfered with Interstate Commerce by Committing Attempted Robbery.

Count Four charges that Mr. Crumpton aided and abetted Mr. Armstrong in committing the offense of Making a False Statement During the Purchase of a Firearm. I will explain the law governing those substantive offenses in a moment.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

<u>**ANNOTATIONS AND COMMENTS**</u>

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**S1.2**
**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

**ANNOTATIONS AND COMMENTS**

*United States v. Solomon*, 856 F.2d 1572, 1578-79 (11th Cir. 1988), cert. *denied*, 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**S2.1**
**Confession or Statement of a Single Defendant**

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

<u>**ANNOTATIONS AND COMMENTS**</u>

*See United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert. denied*, 115 S. Ct. 1801, 131 L. Ed. 2d 728 (1995).

**S3**
**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

16

## ANNOTATIONS AND COMMENTS

*See United States v. Martinez*, 763 F.2d 1297, 1304 (11th Cir. 1985).

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  Specifically you have heard considerable evidence about the death of Anthony Jones in Philadelphia on or about July 17, 2021, and the death of Elijah Wood in Watkinsville on or about March 19, 2021.

You must not consider any of this evidence about the death of either man to decide whether the Defendant engaged in the activity alleged in the indictment.

This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether [the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment] [the Defendant had a motive or the opportunity to commit the acts charged in the indictment] [the Defendant acted according to a plan or in preparation to commit a crime] [the Defendant committed the acts charged in the indictment by accident or mistake].

**ANNOTATIONS AND COMMENTS**

Rule 404. [Fed. R. Evid.]  Character Evidence; Crimes or Other Acts

* * * * *

(b) Crimes, Wrongs, or Other Acts.

18

   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

   (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

   (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

   (B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. *See id.* at 911 n.15.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the *Beechum* test. *Huddleston v. United States*, 485 U.S. 681 (1988); *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 942 (1992).

**S4.2**
**Similar Acts Evidence - Identity**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged.  Specifically, you have heard considerable evidence about the death of Anthony Jones in Philadelphia on or about July 17, 2021, and the death of Elijah Wood in Watkinsville on or about March 19, 2021.

If you find the Defendant committed the allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones charged in this case suggests the same person committed all of them.

The Defendant is currently on trial only for the crimes charged in the indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

**ANNOTATIONS AND COMMENTS**

Rule 404. [Fed. R. Evid.]  Character Evidence; Crimes or Other Acts

\* \* \* \* \*

(b) Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. *See id*. at 911 n.15.  Regarding evidence used to prove identity, *Beechum* notes:

> The physical similarity must be such that it marks the offenses as the handiwork of the accused.  In other words, the evidence must demonstrate a modus operandi.  *United States v. Goodwin*, 492 F.2d 1141, 1154 (5th Cir. 1974).  Thus, (a) much greater degree of similarity between the charged crime and the uncharged crime is required when the evidence of the other crime is introduced to prove identity than when it is introduced to prove a state of mind.  *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir. 1977).

*Id.; see also United States v. Phaknikone*, 605 F.3d 1099, 1108 (11th Cir. 2010).

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the *Beechum* test.  *Huddleston v. United States*, 485 U.S. 681 (1988); *United States v. Miller*, 959 F.2d 1535 (11th Cir. 1992) (en banc), *cert. denied*, 506 U.S. 942 (1992).

21

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**S11**
**Attempt to Interfere with Interstate Commerce by Robbery**

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case the Defendant is charged in Count One with attempting to interfering with interstate commerce by robbery, not the completion of a robbery.

The Defendant can be found guilty of the crime of Interfering with Interstate Commerce by Robbery only if all the following facts are proved beyond a reasonable doubt.

(1) the Defendant knowingly acquired someone else's personal property;

(2) the Defendant took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and

(3) the Defendant's actions obstructed, delayed, or affected interstate commerce.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly intended to commit the crime of Interference of Interstate Commerce by Robbery, and

Second: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply

23

preparing. It must be an act that would normally result in committing the offense.

## ANNOTATIONS AND COMMENTS

Instruction taken from *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001).

**O34.3**
**False Statement to a Firearms Dealer**
**18 U.S.C. § 922(a)(6)**

It's a Federal crime to make a false statement to a licensed firearms dealer while buying a firearm.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant bought or tried to buy a firearm from a federally licensed firearms dealer;

(2) the Defendant knowingly made a false or fictitious statement, orally or in writing that was intended and likely to deceive the dealer; and

(3) the subject matter of the false statement was material to the lawfulness of the sale.

A "firearm" is any weapon designed to or readily convertible to expel a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon or any firearm muffler or silencer.

A statement is "false" if it is untrue when made and the person making it knows it is untrue.

A false statement is "likely to deceive" if under the circumstances a reasonable person of ordinary prudence would probably be deceived.

25

Whether the allegedly false statement is "material" is a question of law for the court to decide. If you find the statement in this case is false, then it was material to the sale.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 922(a)(6) provides:

> (a) It shall be unlawful - -
>
>            \*   \*   \*   \*   \*
>
> (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, … manufacturer, … dealer, or … collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition…

Maximum Penalty: Ten (10) years imprisonment and applicable fine.

*United States v. Klais*, 68 F.3d 1282 (11th Cir. 1995), held that under § 922(a)(6) materiality is a question of law, distinguishing the Supreme Court's decision in *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995) (holding that in context of 18 U.S.C. § 1001, materiality is a question for the jury).

Willfulness is not an essential element of this offense. *See* 18 U.S.C. § 924(a)(2).

**S7**
**Aiding and Abetting; Agency**
**18 U.S.C. § 2**

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

**ANNOTATIONS AND COMMENTS**

27

18 U.S.C. § 2 provides:

(a) whoever commits an offense against the United States or, aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

*See United States v. Broadwell*, 870 F.2d 594, 607 (11th Cir. 1989), *cert. denied*, 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989). See also *United States v. Walker*, 621 F.2d 163 (5th Cir. 1980), *cert. denied*, 450 U.S. 1000, 101 S. Ct. 1707, 68 L. Ed. 2d 202 (1981).

**T1.2**
**Cautionary Instruction**
**Similar Acts Evidence – Identity**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the indictment, but were committed on other occasions.  If you find the Defendant committed the allegedly similar acts, you may use this evidence only to help you decide whether the similarity between those acts and the ones charged in this case suggests the same person committed all of them.

The Defendant is currently on trial only for the crimes charged in the indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

## ANNOTATIONS AND COMMENTS

Rule  404.  [FRE]  Character Evidence; Crimes or Other Acts

* * * * *

(b) Crimes, Wrongs, or Other Acts.

   (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

   (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

*United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example. *See id*. at 911-12 n.15.

## Cautionary Instruction
## About Evidence of Remorse

I am instructing you to ignore any evidence that mentions whether Mr. Crumpton did or did not show remorse over the death in this case and not consider it when deliberating in this case.  As the Court has mentioned several times, the Defendant is not charged with causing the death and that issue is not before this court or this jury.

As I have instructed you already, the indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision including any suggestion that he has failed to show remorse over a death for which he is not charged.

The Government must prove guilt beyond a reasonable doubt as to the charges in this indictment. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*See Lesko v. Lehman,* 925 F.2d 1527 (3d Cir.1991) (holding that prosecutor's comment on defendant's failure to express remorse violated *Griffin*); *Hall v. State,* 13 S.W.3d 115, 117 (Tex.App.-Fort Worth 2000) ("A comment that directly focuses the jury's attention on the defendant's personal feelings of remorse, which can only be supplied through the defendant's own testimony,

necessarily indicates the defendant's failure to testify."); *Dickinson v. State,* 685 S.W.2d 320, 324-25 (Tx.Crim.App.1984) (finding that argument concerning lack of remorse necessarily reflected on defendant's decision not to testify). <u>Isaacs v. Head</u>, 300 F.3d 1232, 1271 (11th Cir. 2002)

**T2**
**Witness's Prior Statement or Testimony**
**Explanatory Instruction**

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

<u>**ANNOTATIONS AND COMMENTS**</u>

No annotations associated with this instruction.

33

**T3**
**Explanatory Instruction**
**Transcript of Tape Recorded Conversation**

Members of the Jury: several exhibits have been introduced which are written transcriptions of recorded conversations.

I've admitted each transcript for the limited and secondary purpose of helping you follow the content of the conversation as you listen to the tape recording and also to help you identify the speakers.

But you are specifically instructed that whether the transcript correctly reflects the content of the conversation, or the identity of the speakers is entirely for you to decide based on your own examination of the transcript in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## ANNOTATIONS AND COMMENTS

*United States v. Nixon*, 918 F.2d 895 (11th Cir. 1990), held that transcripts are admissible in evidence, including transcripts that purport to identify the speakers, and specifically approved the text of this instruction as given at the time the transcripts were offered and received.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

<u>**ANNOTATIONS AND COMMENTS**</u>

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## ANNOTATIONS AND COMMENTS

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

36